UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VINCENT H. DEAL,<br><br>                Movant,<br><br>    v.<br><br>UNITED STATES GOVERNMENT<br>PRINTING OFFICE,<br><br>                Respondent. | Miscellaneous 06-00021 (HHK) |

ORDER

Movant, Vincent H. Deal ("Deal"), has filed a Motion to Challenge Government's Access to Financial Records, which seeks to quash administrative subpoenas served upon American Express Corporation and Chevy Chase Bank. Movant's motion has been filed pursuant to the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3401, *et seq.* This act permits individuals to contest Government access to certain records held by banks and other financial institutions as defined by 12 U.S.C. § 3401(1), by requiring the Government authority to notify the bank customer of the subpoena or summons served on the financial institution, as well as the nature of the law enforcement inquiry to which the subpoena or summons relates. 12 U.S.C. §3405(2). Within ten days of service or within fourteen days of mailing the subpoena or summons, the customer may file a motion to quash in the district court. 12 U.S.C. § 3410(a). If the customer's motion satisfies the threshold standards set forth in 12 U.S.C. § 3410(a), then the court must order the Government authority to file a sworn response. 12 U.S.C. § 3410(b).

This threshold showing is made through an affidavit that explains "the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter." 12 U.S.C. § 3410(a)(2).  In the instant case, Deal has submitted an affidavit that sets forth the basis for Deal's opposition to the subpoenas, namely, that the subpoenas seek information concerning an investigation of a different individual—Andre O. Alsop.  Because the burden on Deal at this stage is not onerous, *see Hancock v. Marshall*, 86 F.R.D. 209, 211 (D.D.C. 1980) ("'[A]ll customers need do is make "an initial showing that access may be improper . . . .'  This section does not require a detailed evidentiary showing or require that the customer prove there is no legitimate law enforcement purpose for the government's attempt to obtain his records.") (quoting H.R. Rep. No. 1383, at 53–54 (1978)), the court finds that this allegation sufficiently presents a prima facie showing of impropriety.

Accordingly, it is this 7th day of February, 2006, hereby

**ORDERED** that, in accordance with 12 U.S.C. § 3410(b), the Office of the Inspector General, U.S. Government Printing Office, file a sworn response to plaintiff's Motion to Challenge Government's Access to Financial Records by February 22, 2006.

>                                Henry H. Kennedy, Jr.
>                                United States District Judge